Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2690 | **DATE** | 8/29/2001 |
| **CASE TITLE** | Linda Godbey vs. Larry Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Petition for Attorney's Fees (doc. #22)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's Petition for Attorney's Fees (doc. #22) is **GRANTED**.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices: 2
SEP 0 4 2001 date docketed
FILED FOR DOCKETING
01 AUG 31 PM 5: 07
SEP 0 4 2001 date mailed notice

Document Number: 29

courtroom deputy's initials: JHC

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA GODBEY,<br>Plaintiff,<br><br>v.<br><br>LARRY G. MASSANARI,<br>Commissioner of Social Security,<br>Defendant. | CAUSE NO. 99C2690<br><br>JUDGE WILLIAM J. HIBBLER |

**MEMORANDUM AND OPINION**   SEP 0 4 2001

This Court now addresses Plaintiff's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 et seq. Plaintiff has petitioned this Court to enter an order granting Plaintiff's counsel, Ashley S. Rose, costs and a reasonable attorney's fees. For the reasons noted herein, Plaintiff's Petition for Attorney Fees is **GRANTED**.

## BACKGROUND

The following recitation of the procedural history and facts is derived from the Seventh Circuit's decision in *Godbey v. Apfel*, 238 F.3d 803 (7th Cir. 2000)[1].

More than ten years after being hospitalized for depression with psychotic features and viral syndrome, Plaintiff Linda Godbey ("Godbey") applied for disability insurance benefits ("DIB") from the Social Security Administration ("SSA") on March 11, 1996. Doctors diagnosed Plaintiff's ailment as probable viral encephalitis or an acute inflammation of the brain. An administrative law judge ("ALJ") denied her DIB request on October 29, 1997 finding that she "had the residual functional capacity ("RFC") to perform her past relevant work as a clerical

---

[1] In an Order dated March 21, 2001, the Seventh Circuit vacated and remanded this Court's Order affirming the Social Security Administration's denial of benefits.

1

worker and thus was not disabled. *Id.* at 807. Following this denial, Godbey appealed to the Appeals Council who denied her request for review. This Court then affirmed the ALJ's denial of DIB. Subsequently, the Seventh Circuit vacated this Court's decision with instructions to remand the case to the Commissioner of Social Security.

Before the ALJ rendered his decision, several doctors examined Godbey. Among these were Dr. Brian O'Shaughnessy, Dr. Richard Gallagher, Dr. Claude Hamilton, Dr. Kimberly Merenkov, and William Hilger, Ph.D. Based on the reports of Dr. Gallagher, Dr. Hamilton, Dr. Hilger, and Dr. Merenkov, the ALJ found that the medical conditions resulting from Godbey's 1985 probable encephalitis had been resolved before her release from the hospital. Furthermore, the ALJ concluded that Godbey was "well oriented with only mild memory impairments." *Id.* However, the ALJ did not mention Dr. O'Shaughnessy's report, which in pertinent part stated:

> [T]his patient has a moderate deficiency in her cognitive ability which is secondary to injury from encephalitis. Her biggest problems appear to be mainly in concentration and short-term memory but also in other intellectual functions such as ability to do arithmetic...[Godbey is] in some danger of independent living. Sadly, I do not have any medication or treatment for her problem. I feel the prognosis for improvement in her mentation is 0 since she has not improved in ten years.

*Id.* at 805.

Additionally, the ALJ did not discuss Dr. Merenkov's conclusions that doubted Godbey's ability to work. Also, the ALJ did not discuss the competing evidence regarding Godbey's reasons for not seeking medical attention after 1985. Finally, the Seventh Circuit concluded that it was not clear from the ALJ's decision whether he rejected or considered testimony offered by Godbey and her sister regarding Godbey's ability to function between 1985 and 1990, nor was it clear whether the ALJ addressed the findings of the electroencephalography ("EEG").

2

ANALYSIS

Section 2412(d)(1)(A) of Title 28, the EAJA, provides that a court shall award a prevailing party fees and other expenses, as well as, any costs. In other words, the eligibility of a fee award in any civil action requires that (1) the claimant be a "prevailing party"; (2) the Government's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Cummings v. Sullivan*, 950 F.2d 492, 494-95 (7th Cir. 1991) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)). In this case, it is undisputed that Plaintiff is a prevailing party, that no special circumstances exist, and that the fee application was submitted within 30 days of the final judgment. Therefore, the only issue for this Court to decide is whether Defendant's position was substantially justified.

I. SUBSTANTIALLY JUSTIFIED

Plaintiff contends that the ALJ did not sufficiently articulate his reasons for rejecting the substantial evidence in the record that favored her position. Plaintiff claims that the ALJ failed to include Dr. Merenkov's report which negates any assertions that the Government's decision was substantially justified. Plaintiff also argues that the ALJ failed to resolve vital conflicts in the evidence. Defendant counters this argument by contending that the ALJ's error was one of inadequate articulation. Additionally, Defendant argues that when one considers the entirety of the Government's case it is reasonable to conclude that the Government had a rational justification for its action.

Whether or not the position of the Government was substantially justified shall be determined on the basis of the record. 28 U.S.C. § 2412 (d)(1)(B). The Government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree

3

that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A position can be justified even if it is not correct, and it can be substantially justified if a reasonable person could think it to be correct, such that it has a reasonable basis in law and fact. *Id.* at 566 n.2. Both the pre-litigation conduct and the Government's litigating position are included in the Government's position. *Cummings*, 950 F.2d at 496. However, this Court must determine whether the Government's position was substantially justified as a whole. *Id.* Furthermore, the Government bears the burden of proof as to whether or not its position is substantially justified. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (citing *Cummings*, 950 F.2d at 495).

Here, a reasonable person cannot find the Government's position to be substantially justified, which is evidenced by the Seventh Circuit's remand to the Commissioner. The Seventh Circuit found that the ALJ's failed to explain his reasoning for the decision, and that he had possibly failed to consider of conflicting evidence. The Seventh Circuit held that because the ALJ did not discuss competing evidence, it was not possible to discern whether the ALJ considered all the evidence. *Godbey*, 238 F.3d at 808-810. This possible lack of consideration of evidence makes the Government's position not substantially justified.

The Government claims that the Seventh Circuit remanded the case, not because the ALJ's decision was unsupportable or contradicted by the evidence, but because the ALJ did not articulate certain aspects of his decision. Defendant relies on *Stein v. Sullivan*, 966 F.2d 317, 319-320 (7th Cir. 1992), to support its position. Defendant's reliance on Stein is misplaced as that case is easily distinguishable from the present case. In *Stein*, the defendant opposed the award of fees because he claimed that his position following the Seventh Circuit's remand was substantially justified. *Id.* at 319. In the present case, the court of appeals found that the ALJ

had not only failed to address Dr. Merenkov's report entirely, but it also failed to rectify an evidentiary conflict and explain the reasoning behind its decision. Furthermore, the requirement that the ALJ articulate his consideration of the evidence is flexible and is far from precise. *Stein*, 966 F.2d at 319. Here, the ALJ's possible lack of consideration of evidence goes beyond a failure to articulate. Where an ALJ fails to develop the record to support its decision to deny benefits, the decision does not have a reasonable basis in fact, and is therefore, not substantially justified. *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 826 (N.D. Ill. 1998). Accordingly, Defendant's position is not substantially justified.

Defendant's second contention - that the entirety of the Government's case makes its clear that it rationally justified - is also unpersuasive. The Government relies on *Jackson v. Chater*, 94 F.3d 274, 279-280 (7th Cir. 1996), for this argument. The Seventh Circuit in *Jackson* found that being incorrect on one point does not mean that the entire action lacks substantial justification. *Id.* In the instant case, however, the ALJ's possible lack of consideration of crucial evidence could completely turn his decision around resulting in finding in favor of Plaintiff. This Court cannot conclude that Defendant's case was substantially justified after the bypassing of the conflicting evidence in this case. Therefore, since the Government has failed in its burden to prove a substantial justification for its position, a fee award is appropriate.

## II. DETERMINATION OF FEES

Now, this Court must determine the proper amount of the fee award. The relevant statute to determine the proper fee is 28 U.S.C. § 2412(d)(2)(A)(ii) which provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings, justifies a higher fee."

Plaintiff's Petition for Attorney Fees details the relevant hours and attorney costs for this case. Plaintiff's counsel's hours total sixty-nine and nine tenths (69.9) with other costs equal to four hundred forty dollars and sixty-nine cents ($440.69). (Pl.'s Ex. C.) Plaintiff's counsel contends that he is entitled to $125.00 per hour. Alternatively, Plaintiff's counsel argues that if this Court agrees that inflation and scarcity of counsel justifies a higher rate, then counsel suggests that the higher rate is $138.03 per hour.

This Court finds that Plaintiff's counsel is entitled to an adjustment for inflation; however, not to the extent that Plaintiff contends. In this case, the relevant litigation hours accrued between 1998-2001. Therefore, applying the Consumer Price Index, the calculation should be 173.8 − 165.0 = 8.8. (Pl.'s Ex. D.) Then dividing 8.8 by the original price, 165.0, an amount of 5.33% inflation results. This 5.33% inflation multiplied by $125.00 equals an hourly rate of $131.66 or a $6.66 increase. Thus, the final total of costs and attorney's fees equals $9,643.72 [$9,203.03 (fees) + $440.69 (costs)].

## CONCLUSION

Defendant's position was not substantially justified in the instant case. Because of this, for the reasons noted herein, the Plaintiff's Petition for Attorney Fees is **GRANTED** to Plaintiff in the amount of $9,643.72.

**IT IS SO ORDERED.**
DATED: August 29, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE.